**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**THE JUSTICE NETWORK, INC.**                                    **PLAINTIFF**

**v.**                            **NO.  3:17CV00169 JM**

**CRAIGHEAD COUNTY, JUDGE DAVID
BOLING, in his individual and official
capacity, JUDGE TOMMY FOWLER, in
his individual and official capacitiy,
CITY OF BAY, CITY OF BONO, CITY
OF BROOKLAND, CITY OF CARAWAY,
CITY OF CASH, CITY OF EGYPT,
CITY OF JONESBORO, LAKE CITY, and
CITY OF MONETTE**                                                 **DEFENDANTS**

<u>**ORDER**</u>

Pending are the motions to dismiss of Separate Defendants, Judge David Boling, Judge Tommy Fowler, Craighead County, Arkansas, City of Jonesboro, and the Cities of Bay, Bono, Brookland, Caraway, Cash, Egypt, Lake City and Monette.  (Docket #'s 10, 13, 15 and 29). Plaintiff has filed a response and Defendants have filed replies.  For the reasons set forth herein Defendants' motions are GRANTED.

Plaintiff filed its Complaint with this Court on June 30, 2017 alleging that its constitutional, statutory and common law rights were violated when two Arkansas State District Court Judges, Boling and Fowler, allegedly ordered the forgiveness of certain fees owed to the Plaintiff by state probationers.

Plaintiff, The Justice Network, a for-profit corporation, provided services to probation clients in Craighead County and in courts in the Cities of Jonesboro, Bay, Brookland, Lake City, Caraway, Monnette, Bono, Cash and Egypt.  Plaintiff claims that it contracted with each

individual probation client whereby the Plaintiff agreed to provide probation services and the probation client agreed to pay a monthly fee.  Plaintiff complains that Separate Defendants, Judge Tommy Fowler and Judge David Boling instituted an Amnesty Program starting in January 2017, which declared that all fees owed by the probation clients to the Justice Network were forgiven.  The Justice Network seeks to recoup these fees.  All of the Defendants claim that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotation marks omitted).  In making this determination, the Court must draw all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir.2009).

Based upon the allegations contained in Plaintiff's complaint, from 1997 to February 3, 2017, all misdemeanor offenders who had been charged in Craighead County District Court or the City Courts, and who required probation services, where placed under the supervision of The Justice Network.  Plaintiff claims that Boling and Fowler implemented an "Amnesty Program" in

January and February 2017.  As part of the program, the judges met with probation offenders who had outstanding fines to discuss payment options.  The judges allowed offenders to reset their payment plan, entered new orders of probation deleting the Justice Network from the Order, forgave court costs, probation fees and allowed costs and fees to be forgiven in lieu of time served in prison.

The Court finds that Judge Boling and Judge Fowler are entitled to absolute judicial immunity against all of Plaintiff's claims.  Unless judges act completely outside all jurisdiction, they are absolutely immune from suit when acting in their judicial capacity. *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir.1997).   In Arkansas, "[a]ll courts of record, district courts, and city courts . . .shall have the authority to suspend the imposition of sentences or the imposition of fines, or both, in all criminal cases pending before the courts unless specifically prohibited by law."  Ark. Code Ann. §16-90-115.  Further, [d]uring a period of . . . probation, upon the petition of a probation officer or a defendant or upon the court's own motion, a court may: (1) Modify a condition imposed on the defendant."  Ark. Code Ann. § 16-93-312.  The acts of Judge Boling and Judge Fowler, modifying, suspending or terminating the terms of probation, previously imposed by the Court, are judicial acts.  See *John Chism Bail Bonds, Inc. v. Pennington*, 656 F. Supp. 2d 929 (E.D. Ark. Aug. 31, 2009)(finding the judge defendants were acting in a judicial capacity, and were entitled to absolute immunity, when they signed and enforced a court order disallowing "credit bonding.").  See also, *Peak v. Richardson*, 2008 WL 762110, at *8 (E.D.Mo. March 19, 2008) ("revoking a bail bond agent's privilege to write bail bonds in a judge's court or circuit is a judicial action, i.e., an act taken in the judge's judicial capacity").

Plaintiff claims Craighead County and the City Defendants are liable for the constitutional

3

violations suffered by Plaintiff based on official policy or custom.   "[A] municipality cannot be held liable *solely* because it employs a tortfeasor-- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original).  However, a municipality may be held liable for an employee's unconstitutional actions under § 1983 if the municipality's custom or policy caused the action.  *Id*. at 692.  Plaintiff claims that Judge Fowler and Judge Boling were authorized policymakers of the City and County defendants and that the actions of the defendant judges should be imputed to the City and County defendants.  State district court judges are state government officials and are not employees of the cities.  Ark. Const. Amend. 80; Ark. Code Ann. §16-17-1101, *et seq*.  Further, even if the judges were employees of the cities, Judge Boling and Judge Fowler's judicial decisions were "not a final policy decision of a type creating municipal liability under §1983."  *See, Granda v. City of St. Louis*, 472 F.3d 565, 569 (8th Cir. 2007).

Finally, Plaintiff's remaining claims for unjust enrichment, ratification and supervisory liability also fail.  No supervisor or employee relationship exists between the judges and the City and County defendants.  Plaintiff failed to state any facts which would support a finding that the City or County defendants had any authority or control over the judges.  And, the probation services at issue were provided to the probation clients.  Plaintiff has failed to state facts which demonstrate that the City or County defendants received something of value to which they were not entitled by the forgiveness of a debt owed by the probation clients to the Plaintiff.  *Spencer v. Air Evac EMS, Inc*., 2017 Ark. App. 193, 5-6 (2017).

For these reasons, Defendants' motions to dismiss are GRANTED.

IT IS SO ORDERED this 28th day of November, 2017.

4

James M. Moody Jr.
United States District Judge